IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDUARDO YATCO, M.D.,            :

                                :       C.A. No. 08-342 SLR

                   Plaintiff,     :

      v.                      :

                                  :

NANTICOKE HEALTH SERVICES, INC.,  :

                                  :

              Defendant.    :

## MOTION TO DISMISS

Defendant, Nanticoke Health Services, Inc. ("NHS"), by and through legal counsel, Griffin & Hackett, P.A., moves this Honorable Court to dismiss the Complaint of Plaintiff Eduardo Yatco, M.D. ("Dr. Yatco") under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) because the Court lacks jurisdiction of the subject matter and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss all state claims, and in support thereof states the following:

1.     In his Complaint,[1] Dr. Yatco complained of a "due process violation" by NHS when it failed to afford him a hearing in connection with notification that privileges to perform carotid endarterectomies were no longer available at Nanticoke Memorial Hospital, Inc. (the "Hospital").  (See D.I.1. ¶¶ 27-28 and Ex. G.)

2.     NHS is a Delaware non-profit corporation exempt from taxation under IRC § 501(c)(3), is a private entity and is the sole shareholder of the Hospital corporation.

3.     The Hospital is a Delaware non-profit corporation exempt from taxation under IRC § 501(c)(3), is a private entity and owns and operates a primary acute care hospital in

---

[1] References to the Complaint and Exhibits will be cited as "D.I.1. ¶___" or "D.I.1. Ex. ___."

Seaford, Sussex County, Delaware, by the same name (the Hospital facility will also be re-ferred to as the "Hospital").[2]

4.      The Federal Rules of Civil Procedure require each pleading that sets forth a claim for relief to contain "a short and plain statement of the grounds upon which the Court's jurisdiction depends."  Fed. R. Civ. P. 8(a)(1).

5.      The United States Supreme Court has stated:  "It has to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

6.      In paragraph 1 of the Complaint, Dr. Yatco alleges that the Court's jurisdiction is founded upon 15 U.S.C. § 78(a)(a) (SIC) (Securities Exchange Act); 28 U.S.C. § 1332 (diversity of citizenship; matter in controversy); and 28 U.S.C. § 1367 (supplemental jurisdiction).  Dr. Yatco does not allege a claim under the Securities Exchange Act, 15 U.S.C. § 78a.  Dr. Yatco alleges that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, but does not allege diversity of citizenship.  (See D.I.1. ¶¶ 1-4).  Dr. Yatco states a state law breach of contract claim in Count II of the Complaint.  (See D.I.1. ¶¶ 37-39).

7.      The Complaint does not specifically allege that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), but alleges in paragraph 5 thereof as follows:  "The claims herein arise, *inter alia,* under the due process clause of the Constitution of the United States."

8.      To determine whether a claim "arises under" federal law, the Court must apply the "well pleaded complaint rule."  See <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63

---

[2] Dr. Yatco erroneously alleges that NHS is the operator of Nanticoke Memorial Hospital. See I.I.1. ¶3.

(1987).  Under this rule, a civil action "arises under" federal law only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.   Dukes v. U.S. Health Care, Inc., 57 F.3d 350, 353 (3d Cir. 1995), cert. denied, 516 U.S. 1009 (1995).

9.     Dr. Yatco attempts to state a federal question in Count I of his Complaint that would give rise to subject matter jurisdiction under 28 U.S.C. 1331.  However, simply stated, Dr. Yatco accuses NHS of denying his due process rights to a hearing under the Hospital Medical Staff By-laws when it discontinued the availability of carotid endarterectomy privileges at the Hospital.  Such an accusation does not state a federal claim that would support this Court's jurisdiction under 28 U.S.C. § 1331.  See Adelman v. Mercy Catholic Medical Center, C.A. No. 95-7256, 1996 U.S. Dist. LEXIS 16238 at *10 (E.D. Pa., Oct. 30, 1996)[3].

10.     As a result of the foregoing, a federal question is not presented on the face of Dr. Yatco's Complaint, and the Court must dismiss the Complaint for failure on the part of Dr. Yatco to satisfy his burden of establishing subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  See, e.g., Lubin v. Crittenden Hospital Assoc., 713 F.2d 414, 415 (8th Cir. 1983) ("It is well established that if the action of this Hospital was a purely private action, then Section 1983 affords no basis for federal jurisdiction . . . .").

11.     In addition to a clear and concise statement of the Court's subject matter juris-diction, Federal Rule of Civil Procedure 8 requires each Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If the Complaint does not satisfy this standard, it must be dismissed under Fed. R. Civ. P. 12(b)(6).

12.     If Dr. Yatco is attempting to allege that his federal due process rights were violated and that NHS is liable to him under 42 U.S.C. § 1983, the claim also must be dismissed

---

[3] A copy of this case is attached as **Exhibit A**.

under Rule 12(b)(6) for the reason that Dr. Yatco fails to allege that his federal due process rights were violated by state action or state involvement.  See, e.g., Quinn v. Kent General Hospital, 617 F. Supp. 1226 (D. Del. 1985) (It has long been settled that § 1983 requires an element of statutory or state involvement in alleged deprivation of Constitutional rights. Court held private hospital funded and regulated by federal and state government was not a state actor when it denied physician's privileges).

13.    In Count II of the Complaint, Dr. Yatco attempts to set forth a state-law breach of contract claim which must be adjudicated under Delaware law and involves no reference to, or analysis of, federal law.  (See Complaint ¶¶ 37-39).

14.    If the Court grants NHS's Motion to Dismiss on all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a state claim under 28 U.S.C. § 1368(a).  See 28 U.S.C. § 1367(c)(3).

15.    NHS is entitled to an award of attorney's fees under 42 U.S.C. § 1988 for the reason that Dr. Yatco's alleged federal law claims is frivolous and without foundation.  See Hughes v. Rowe, 449 U.S. 5, 14 (1981).  See also, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (A complaint is frivolous when it lacks an arguable basis either in law or in fact.)

WHEREFORE, for the reasons set forth above, NHS respectfully requests that this Honorable Court grant its Motion to Dismiss in its entirety and grant an award of attorney's fees under 42 U.S.C. § 1988.

Del. C. §                                      GRIFFIN & HACKETT, P.A.
                                               Attorneys for Defendant, Nanticoke Health
                                               Services, Inc.

                                               /s/  David R. Hackett
                                               David R. Hackett, Esquire (#424)
                                               116 W. Market Street, P.O. Box 612
                                               Georgetown, DE 19947
DATE:   July 31, 2008                          302-856-9066

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached MOTION TO DISMISS was served via U.S. First Class Mail on the  31st day of July, A.D. 2008, upon Plaintiff's legal counsel, to wit:

**Robert D. Goldberg, Esquire
Biggs and Battaglia
l921 N. Orange Street
P.O. Box 1489
Wilmington, Delaware 19899-1489**

By /s/  David R. Hackett
     David R. Hackett